UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00389-FDW-DCK

| | | |
|---|---|---|
| KRISTIN NESSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| MAC ACQUISITION LLC, SULLIVAN'S | ) | |
| HOLDING, LLC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

THIS MATTER is before the Court on prospective Intervenor Sullivan's of North Carolina, LLC's[1] ("SNC") Motion to Intervene pursuant to Fed. R. Civ. P. 24. (Doc. No. 17). The Court has reviewed Plaintiff's Response in Opposition of the Motion to Intervene (Doc. Nos. 18), and SNC's Reply (Doc. No. 19). Accordingly, for the reasons detailed below, SNC's Motion to Intervene (Doc. No. 17) is GRANTED.

## I.    BACKGROUND

Plaintiff filed the above-captioned matter against MAC Acquisition LLC ("MAC") and Sullivan's Holding, LLC ("SH") (collectively, "Defendants") for alleged violations of the Fair Labor Standards Act ("FLSA"), North Carolina Wage and Hour Act ("NCWHA"), and Family and Medical Leave Act ("FMLA"). (Doc. No. 13).

---

[1] "Sullivan's of North Carolina, Inc. and Sullivan's of North Carolina, LLC are the same legal entity. Sullivan's of North Carolina, Inc. was the corporate entity at the time [Plaintiff's] employment began. It was subsequently converted into an LLC. See Articles of Organization Including Articles of Conversion (filed Sept. 18, 2018), available at https://www.sosnc.gov/online_services/search/by_title/_Business_Registration (search for "Sullivan's of North Carolina," and then click the icon for "View Document Filings). (Doc. No. 17-1, p. 2).

According to the Complaint, Plaintiff worked for Defendants as a server at the Sullivan's Steakhouse restaurant in Raleigh, North Carolina from April 2013 to October 2019. Id. at ¶¶ 12-13. Defendants utilized the "tip credit" under 29 U.S.C. § 203(m), and paid servers direct wage of $2.13 throughout the course of employment. Id. at ¶ 31. Servers allegedly participated in an obligatory "tip pooling policy" which forced them to share tips with all tipped employees, as well as with customarily non-tipped employees. Id. at ¶ 36.

In September 2019, renovations were being performed on the restaurant that allegedly exposed Plaintiff to repeat mold exposure during her working hours. Id. at ¶¶ 60-62. Plaintiff contends that she went to the emergency room two times in the first week of October of 2020. Id. at ¶ 69. According to the Complaint, Plaintiff provided doctor notes to her manager to verify these visits. The doctor note from October 5, 2019, stated that Plaintiff could return to work on October 7, 2020, but must be evaluated by her follow-up provider if she is unable to resume activities on that date. Id.

Defendants allegedly failed to inform Plaintiff of her leave rights under FMLA. Defendants allegedly terminated Plaintiff on October 9, 2020, because of her need to take additional time off due to her medical issues. Id. at ¶ 70. Defendants and Plaintiff continue to dispute whether Plaintiff gave adequate notice on the days she missed shifts, and on whether she properly checked in with manager regarding her continued illness. Id. at ¶¶ 71-74.

According to the Complaint, Plaintiff contacted Defendants' Human Resources Department, which maintained the position that Plaintiff did not follow Defendants' procedures in requesting FMLA leave. Therefore, her termination would remain in place. Id. at ¶ 75.

Plaintiff filed her Complaint against MAC and SH on July 16, 2020. (Doc. No. 1). MAC is a Delaware Limited Liability Company and has its principal place of business located at 1855 Blake Street, Suite 200, Denver, Colorado 80202. Id. at ¶ 14. SH, a wholly owned subsidiary of MAC, is a Delaware Limited Liability Company and has its principal place of business located at the same address as MAC. Id. at ¶15. Plaintiff filed an Amended Complaint on September 15, 2020, maintaining the above-named entities as Defendants. (Doc. No. 13). Defendants subsequently answered the Amended Complaint on October 6, 2020. (Doc. No. 16). On October 6, 2020, SNC filed its Motion to Intervene. (Doc. No. 17). This motion is now ripe for review.

## II.    STANDARD OF REVIEW

The decision to grant or deny a motion to intervene is within the sound discretion of the district court, and its decision will not be disturbed on appeal unless there is an abuse of discretion. See In re Sierra Club, 945 F.2d 776, 779 (4th Cir. 1991); Gould v. Alleco, Inc., 883 F.2d 281, 286 (4th Cir. 1989) (citing NAACP v. New York, 413 U.S. 345, 365-66 (1973)). A court must turn to Rule 24(a)(2) of the Federal Rules of Civil Procedure when deciding whether or not to permit any party to intervene. When a party seeks to intervene as a matter of right, pursuant to Rule 24(a)(2), the rule states:

> "(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Fed.R.Civ.P.24(a)(2). In order to prevail on a motion to intervene as of right under Rule 24(a)(2), a party must therefore show that: (1) its application was timely; (2) it possesses an interest in the subject matter of the litigation; (3) without intervention, its interest would be impaired, and (4) its

interest is not adequately protected by the existing parties. See id.; see also Richman v. First Woman's Bank (Matter of Richman), 104 F.3d 654, 659 (4th Cir. 1997); Teague v. Bakker, 931 F.2d 259, 260-61 (4th Cir. 1991). A would-be intervener bears the burden of establishing a right to intervene and must prove each element in order for a court to grant intervention as of right. See United Guar. Residential Ins. Co. v. Philadelphia Sav. Fund Soc., 819 F.2d 473, 474 (4th Cir. 1987).

Non-parties may also seek permissive intervention pursuant to Fed. R. Civ. P. Rule 24(b) which provides in pertinent part that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P.24(b)(1)(B). When determining whether intervention is appropriate, the court shall consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Stuart v. Huff, 706 F.3d 345, 349 (4th Cir. 2013) (quoting Fed.R.Civ.P.24(b)(3)).

### III. ANALYSIS

SNC contends that it was Plaintiff's day-to-day employer. SNC asserts it controlled Plaintiff's schedule, pay, and supervision. (Doc. No. 17-6, p. 2). Plaintiff counters that SNC was her co-employer; therefore, SNC is jointly and severally liable for FLSA violations but is not required to be a party in this litigation. (Doc. No. 18, p. 10-11). SNC responds that its role as an employer—of any kind—in this situation is the precise reason its ability to intervene is so critical. SNC argues its personal interests would be impaired if it were unable to intervene for two reasons. First, because SNC would be unable to defend itself against the claims for which it could be held jointly and severally liable as a co-employer; and second, SNC would not be able to enforce its

contractual right to arbitrate these claims. (Doc. No. 17-1, p. 4). SNC further asserts—and

Plaintiff appears to concede—the employment arbitration agreement with Plaintiff is an interest

that cannot be satisfactorily represented by the current Defendants as they are not signatories to

the agreement. (Doc. No. 17-5, p. 2).[2]

In the alternative, SNC argues that it satisfies the elements of permissive intervention as

well. Plaintiff contends that SNC does not qualify to intervene as a right nor permissively. (Doc.

No. 18). For the reasons which follow, this Court holds that SNC may intervene as a right.

Accordingly, the Court need not determine if SNC may permissively intervene.

### A.   INTERVENTION OF RIGHT

An intervention of right is dependent on the moving party's fulfillment of four

requirements: timeliness, interest, impairment of interest and inadequate representation." Gould,

883 F.2d at 284. SNC contends it satisfies all four elements. (Doc. No. 17-1, p. 3). Plaintiff

responds that SNC has failed to meet the requirements for intervention of right. (Doc. No. 18, p.

6). Accordingly, the Court will analyze each elements.

#### 1.   TIMELINESS OF MOTION

Intervention at an earlier point in this case would have served no identifiable or beneficial

purpose for SNC. Plaintiff's suit against Defendants has not yet progressed beyond the initial

pleadings stage, and SNC's Motion to Intervene was filed just seven days after Defendants filed

their Answer to Plaintiff's Amended Complaint. See (Doc. Nos. 16, 17). In United Airlines, Inc.

---

[2] Plaintiff seems to suggest that because SNC is not a named Defendant it is categorically prevented from defending its interests. However, this exact situation is the very reason Rule 24 Intervention exists. See Doc. No. 18, p. 11. ("SNC is not a named Defendant, and other than Plaintiff, is the only signatory to the arbitration agreement. Thus, Defendants are non-signatories to the arbitration agreement, making the agreement irrelevant to the claims and defenses in the present action.").

v. McDonald, 432 U.S. 385 (1977), the Supreme Court held that a putative class member's post-judgment motion to intervene, for the sole purpose of appealing the court's earlier denial of class certification, was timely because it was filed within the time permitted for appeal of the judgment. Similarly, in Fleming v. Citizens for Albemarle, 577 F.2d 236 (4th Cir. 1978), cert. denied 439 U.S. 1071 (1989), the Fourth Circuit's reversal, for abuse of discretion, of the lower court's denial of intervention was based on the dispatch with which the intervenor-applicants made their motion relative to the point at which it became clear that their interests were not being adequately represented by the existing defendants. Here, the intervenors are moving to intervene during the pleadings stage—not post judgment—and intervention at an earlier point would have served no purpose. Therefore, SNC's Motion to Intervene is timely.

## 2. SIGNIFICANT INTEREST

This Court disagrees with Plaintiff's assertion that SNC has no interest in the matter because SNC is not a named defendant. (Doc. No. 18, p. 11). If this were the legal standard for determining an intervenor's interest in a matter, then no intervenor would ever succeed. Rule 24 does not define what kind of interest a party must have to intervene as a matter of right, but the Supreme Court has held that "[w]hat is obviously meant . . . is a significantly protectable interest." Donaldson v. United States, 400 U.S. 517, 531 (1971). Teague v. Bakker, 931 F.2d 259, 261 (4th Cir. 1991) demonstrates that SNC's interest is adequate.

In Teague, the insurer, Employers Reinsurance Corporation (ERC), sued its insureds seeking a declaration that it had no obligation to pay claims asserted against the insureds in an underlying class action lawsuit. Id. at 259–60. The plaintiffs in the underlying class action, who had filed suit against the insureds, sought to intervene. Id. at 260. The Fourth Circuit noted the

split in authority on whether a party has a Rule 24(a)(2) interest when it possesses a contingent interest, then sided with the reasoning that an "interest [that] is contingent on the outcome of other litigation" is sufficient for Rule 24(a)(2) purposes. Like the Teague intervenors, SNC's interest is contingent on the outcome of Plaintiff's action against Defendants. SNC stands "to gain or lose by the direct legal operation of the district court's judgment" because the outcome of Plaintiff's action will affect SNC's ability to arbitrate this dispute *and* to defend itself as a joint and severally liable employer. Id. This Court thus finds that SNC has a significantly protectable interest which warrants intervention thereby satisfying the requirements of Rule 24(a).

### 3. SIGNIFICANT IMPAIRMENT OF PROTECTION OF INTEREST

Plaintiff relies heavily on the Fourth Circuit's decision in Virginia v. Westinghouse Elec. Corp. to argue that any interest SNC has would not be impaired by denying its intervention. 542 F.2d 214, 216 (4th Cir. 1976). In Westinghouse, the Commonwealth of Virginia sought to intervene in a suit by the Virginia Electric & Power Company ("VEPCO") against Westinghouse Electric Corporation ("Westinghouse") to enforce a private contract between the two parties for the supply of nuclear fuel, whereas Westinghouse sought to prevent enforcement of the contract. Id. The Westinghouse court determined Virginia had not made a sufficient showing that its general welfare and economic interest would be compromised if it were not allowed to intervene. The court therefore held VEPCO—the party Virginia contracted with—could sufficiently advocate for their aligning interests. Id.

Plaintiff contends this case is analogous with Westinghouse because SNC, like Virginia, asserts its interest would be impaired for purely speculative economic reasons—SNC's impairment being potential joint and several liability with the current Defendants. This Court does not agree.

As SNC properly argues, SNC is a contracting party with Plaintiff by way of an employment arbitration agreement; this is distinguishable from Virginia's interest which was rooted in the trickledown effect of the outcome of the case. Denying intervention here would deprive SNC of the benefit of its bargain promised to it by Plaintiff and simultaneously leave SNC defenseless to potential liability. Thus, this Court finds SNC as a contracting party with a significantly protectable interest at risk—the arbitration agreement—should be allowed to intervene to protect said interest.

### 4. NO ADEQUATE PROTECTION BY EXISTING PARTIES

It is uncontested, as evidenced by Plaintiff's Motion in Opposition, the named Defendants are not parties to the arbitration agreement. (Doc. No. 11). As non-signatories to the arbitration agreement, the named Defendants cannot offer any—let alone adequate—protection to SNC in this litigation. Accordingly, the Court holds that SNC has satisfied the criteria set forth in Fed.R.Civ.P.24(a)(2) and is thus entitled to intervene as a matter of right.

## B. PERMISSIVE INTERVENTION

Since SNC is entitled to intervene as a matter of right, this Court will not address the issue of permissive intervention.

## IV. CONCLUSION

IT IS THEREFORE ORDERED, for the reasons stated above, SNC's Motion to Intervene (Doc. No. 17) is GRANTED.

Signed: June 25, 2021

IT IS SO ORDERED.

_____
Frank D. Whitney
United States District Judge