# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:20-CV-389-FDW-DCK

| | |
|---|---|
| KRISTIN NEESER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MAC ACQUISITION LLC, SULLIVAN'S ) | |
| HOLDING LLC, d/b/a SULLIVAN'S ) | |
| STEAKHOUSE, and SULLIVAN'S OF ) | |
| NORTH CAROLINA, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Unopposed Motion And Supporting Memorandum Of Law For Leave To File Second Amended Complaint" (Document No. 53) filed January 12, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion to amend, and direct that the pending motions to compel arbitration and transfer venue be <u>denied</u> as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the

> court's leave.  The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile."  Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001));  see also Foman v. Davis, 371 U.S. 178, 182 (1962).  However, "the grant or denial of an opportunity to amend is within the discretion of the District Court."  Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

**DISCUSSION**

Defendants have consented in writing to Plaintiff filing a Second Amended Complaint. (Document No. 53-2, p. 2).  The undersigned will, therefore, allow Plaintiff to file a Second Amended Complaint superseding the First Amended Complaint (Document No. 13).  In addition, the undersigned will direct that "Sullivan's of North Carolina, LLC's Motion To Compel Arbitration And To Stay Matter" (Document No. 25), "Defendants' Motion To Transfer Venue" (Document No. 27), and "Defendants MAC Acquisition LLC's And Sullivan's Holding, LLC, D/B/A Sullivan's Steakhouse Motion To Compel Arbitration And To Stay Matter" (Document No. 34) be denied as moot, without prejudice to Defendants re-filing similar motions if necessary and appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot.  Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect.");  see also Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended

2

complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 F. App'x 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Unopposed Motion And Supporting Memorandum Of Law For Leave To File Second Amended Complaint" (Document No. 53) is **GRANTED**.[1] Plaintiff shall file a Second Amended Complaint on or before **January 25, 2022**.

**IT IS FURTHER ORDERED** that "Sullivan's of North Carolina, LLC's Motion To Compel Arbitration And To Stay Matter" (Document No. 25) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that "Defendants' Motion To Transfer Venue" (Document No. 27) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that "Defendants MAC Acquisition LLC's And Sullivan's Holding, LLC, D/B/A Sullivan's Steakhouse Motion To Compel Arbitration And To Stay Matter" (Document No. 34) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the **STAY** of this matter is **LIFTED**. The parties shall file any proposed revisions to the case deadlines, jointly if possible, on or before **January 28, 2022**.

---

[1] The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

**SO ORDERED**.

Signed: January 18, 2022

David C. Keesler
United States Magistrate Judge